**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

AUG 7 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| FERNANDO DELGADO, | No. 20-56029 |
| Petitioner-Appellant, | D.C. No. 2:18-cv-02699-FMO-MAA |
| v. | |
| RAYMOND MADDEN, Warden, | MEMORANDUM* |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Fernando M. Olguin, District Judge, Presiding

Submitted August 5, 2026**
Pasadena, California

Before: GRABER, KOH, and H.A. THOMAS, Circuit Judges.

Petitioner Fernando Delgado appeals the district court's denial of his petition

for a writ of habeas corpus under the Antiterrorism and Effective Death Penalty

---

\*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*        The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

Act ("AEDPA"), 28 U.S.C. § 2254.[1]  Petitioner was convicted of four counts of premeditated attempted murder for shooting a firearm at four individuals.  The jury found that those offenses were "committed for the benefit of, at the direction of, or in association with a criminal street gang," for which Petitioner received an enhanced sentence.  Reviewing de novo the district court's denial of the petition, Sanchez v. Davis, 994 F.3d 1129, 1138 (9th Cir. 2021), we affirm.

1.  The California Court of Appeal's determination that a Confrontation Clause violation was harmless beyond a reasonable doubt, see Chapman v. California, 386 U.S. 18, 24 (1967), was not unreasonable, see Brown v. Davenport, 596 U.S. 118, 135 (2022) (explaining that a state court's application of Chapman receives deference under AEDPA); Parle v. Runnels, 505 F.3d 922, 926 (9th Cir. 2007) (looking to the California Court of Appeal's decision under AEDPA where, as here, the California Supreme Court denied discretionary review).  The trial court permitted Detective Guillen, a gang expert with knowledge of the gang in question, to testify about his out-of-court conversation with the brother of one of the victims.  According to Guillen, the brother stated that he "beat" a member of Petitioner's gang in a fight and "that was the cause of this whole shooting."  We assume, without deciding, that allowing Guillen to repeat the brother's statements violated

---

[1] Petitioner's notice of appeal was postmarked after the thirty-day deadline, but he delivered the notice to prison officials for mailing before the deadline, and the subsequent delay was beyond his control.  See Fed. R. App. P. 4(c).

Crawford v. Washington, 541 U.S. 36 (2004). Petitioner contends that the brother's statements "were the prosecutor's key evidence" that the shooting was gang-related. But the Court of Appeal determined that the brother's statements were cumulative of other testimony about the fight, its connection to the shooting, and the gang-related nature of the crimes. That determination was not unreasonable. See 28 U.S.C. § 2254(d)(2).

Nor was the court's determination contrary to, or an unreasonable application of, Chapman. See id. § 2254(d)(1). Whether a Confrontation Clause error is harmless depends on factors including the testimony's importance, the existence of cumulative testimony, the presence of corroborating or contradicting evidence, and "the overall strength of the prosecution's case." Delaware v. Van Arsdall, 475 U.S. 673, 684 (1986). Accordingly, the court did not apply Chapman unreasonably by evaluating the relative strength of the other evidence.

2. The Court of Appeal's determination that any error in the trial court's jury instruction on the "kill zone" theory was harmless was not unreasonable. We assume, without deciding, that the instruction violated federal due process by allowing the jury to convict Petitioner of premeditated attempted murder without requiring the prosecution to prove beyond a reasonable doubt that Petitioner

3

intended to kill each of the four victims.[2]  See Middleton v. McNeil, 541 U.S. 433, 437 (2004) (per curiam) (discussing the due process standard).  Where, as here, a challenged instruction affects only one element of an offense, harmless-error review applies.  Byrd v. Lewis, 566 F.3d 855, 863 (9th Cir. 2009).

The Court of Appeal determined that the undisputed evidence "demonstrated an intent to kill everyone in the group."  The court found that Petitioner shot "at fairly close range" at the "four individuals standing near to one another, hitting three of them."  The fourth victim dove to the ground after gunfire began, but he "was plainly in the line of fire prior to taking cover."  Petitioner fired enough times to kill all four individuals.  The court did not determine those facts unreasonably.

And the court's determination was not contrary to, or an unreasonable application of, Chapman.  Under California law, "purposefully firing a lethal weapon at another human being at close range, without legal excuse, generally gives rise to an inference that the shooter acted with" intent to kill.  People v. Smith, 124 P.3d 730, 736 (Cal. 2005).  It was not unreasonable for the court to determine that the evidence supporting intent was "undisputed" or, put differently, that there was no evidence "that could rationally lead to a contrary finding with

---

[2] To the extent that Petitioner argues that the "kill zone" theory was inapplicable to this case, that claim does not afford a ground for relief because "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."  Estelle v. McGuire, 502 U.S. 62, 67–68 (1991).

4

respect to" intent.  Neder v. United States, 527 U.S. 1, 19 (1999); see id. at 18

(explaining that, where a jury instruction errs by omitting an element, the error is

harmless if that element "is supported by uncontroverted evidence").

**AFFIRMED.**